# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **BONNIE WINEBARGER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10CV00006 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Shawn C. Carver, Assistant Regional Counsel, and Andrew C. Lynch, Special Assistant United States Attorney, Social Security Adminstration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I accept the Report of the magistrate judge and affirm the denial of benefits.

Bonnie Winebarger, the plaintiff, challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance and supplemental security income benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed

her Report on December 27, 2010. On January 6, 2011, Winebarger filed timely written objections to the Report.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2010); Fed. R. Civ. P. 72(b)(3). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

Winebarger, who is 53 years old, and last worked as an emergency medical technician, sought a disability determination on November 13, 2006, alleging that her disability began on January 31, 2004, based on problems with her back and shoulders, fibromyalia, and numbness in her hands.

Winebarger contends that in denying her claims, the Social Security Administration's administrative law judge ("ALJ") failed to accord proper weight to the opinions of certain medical providers, including Dan Levesque, D.C., a

chiropractor. The magistrate judge found that the ALJ had properly relied upon other evidence in the record in discounting these opinions. In her objections, Winebarger contends that the magistrate judge erred in characterizing chiropractor Levesque as a "non-treating source" and accordingly discounting the weight of his opinion.

Levesque's opinions appear in record document entitled "Report of Medical Evaluation Regarding Mrs. Bonnie Winebarger to Social Security Administration." (R. 190.) At the beginning of this report, Levesque states, "On October 16, 2006, Mrs. Bonnie Winebarger presented herself for an initial examination and evaluation. This was performed as an Independent Medical Evaluation." (*Id.* at 191.) In the report, Levesque describes the results of his examination and testing. Toward the end of the report, he states, "I have treated her over a short period of time and concluded there is very little I can do for her; she has not responded to any of my treatments as of yet. " (*Id.* at 200.)

There are no other reports or records from Levesque.

While it is true, as the plaintiff contends, that Levesque stated in his report that he had "treated" Winebarger, the gist of his report is of his initial evaluation. Indeed, he characterizes it as an "Independent Medical Evaluation" that occurred on one day — October 16, 2006. While he may have also provided her with chiropractic

treatment on that day or some other, it is clear that he did not provide the longitudinal observation and care for the patient that would entitle his opinion to greater weight.

The plaintiff in addition complains that the magistrate judge failed to address her arguments concerning a bilateral hand impairment. However, the magistrate judge pointed out that Winebarger had complained of bilateral hand and arm numbness and that chiropractor Levesque had opined that Winebarger's grip strength would "severely limit her from activities such as grasping, pinching, holding or carrying items weighing more than five pounds." (Report 7.) The magistrate judge simply found that the ALJ was not in error in relying on other evidence in the record, particularly the consultative report of William Humphries, M.D., who examined Winebarger on April 7, 2009. (R. 434-37.)

The plaintiff also asserts that the ALJ failed to properly evaluate her alleged mental impairments and that the magistrate judge failed to address this issue.

Winebarger did not allege disability as a result of any mental impairment, although there was indication in some of the medical records that she had been diagnosed with anxiety and depression as a result of martial and family problems. The ALJ noted these symptoms but found any impairment "not severe" because later medical reports showed improvement and there was no medical evidence of any functional limitations as a result of any such impairment. (R. at 43.)

Winebarger contends that the ALJ failed to follow the regulations requiring him to use a specified "technique" to evaluate mental impairments. 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2) (2010). However, I agree with the magistrate judge that substantial evidence exists to support the administrative determination that Winebarger did not suffer from a severe mental impairment. If the ALJ failed to follow the exact requirements of the regulations, it was surely harmless.

I will overrule the plaintiff's objections and accept the magistrate judge's recommendation to affirm the Commissioner's final decision denying benefits.

An appropriate final judgment will be entered.

DATED: March 25, 2011

/s/ JAMES P. JONES
United States District Judge